IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

SUSAN BURNETT and DEREK BURNETT,    *

    Plaintiffs,    *

vs.    *

                        CASE NO. 4:25-CV-162 (CDL)

DYCK O'NEAL INC.,    *

    Defendant.    *

O R D E R

The Court previously granted Defendant's summary judgment motion on Susan Burnett's claim for intentional infliction of emotional distress and her claim under Georgia RICO. *See* Order (May 13, 2026), ECF No. 25. Plaintiffs filed a motion for reconsideration, asserting that the Court made clear errors of fact. It did not. Accordingly, Plaintiffs' motion for reconsideration (ECF No. 26) is denied.

DISCUSSION

Local Rule 7.6 provides that motions for reconsideration shall not be filed as a matter of routine practice. M.D. Ga. R. 7.6. Generally, such motions will only be granted if "the movant demonstrates that (1) there was an intervening development or change in controlling law, (2) new evidence has been discovered, or (3) the court made a clear error of law or

fact." *Rhodes v. MacDonald*, 670 F. Supp. 2d 1363, 1378 (M.D. Ga. 2009).

As the Court explained in its summary judgment order, Plaintiffs did not point to sufficient evidence to create a genuine fact dispute on the intent requirement of the intentional infliction of emotional distress claim or the Georgia RICO claim.  Both claims require intentional or reckless conduct.  Plaintiffs did not point to evidence of intentional conduct (*i.e.,* Defendant *knew* that its client had no enforceable right to collect the debt from Susan Burnett but tried to collect anyway).  Plaintiffs argue, though, that the evidence they rely upon creates a genuine fact dispute on whether Defendant acted with conscious disregard for a substantial risk of harm posed to Plaintiffs.

In support of this argument, Plaintiffs pointed to evidence that Defendant's employees are supposed to follow established protocols for determining whether a loan obligor filed for bankruptcy.  Based on the present record, there is a note in Susan Burnett's loan file that a prior Chapter 7 discharge was granted (meaning that Defendant was on notice of the bankruptcy) but there does not appear to have been any investigation of the issue as Defendant's policy required.  Plaintiffs pointed to no evidence of why this failure occurred—whether it was a clerical error or part of a pattern of failing to follow the protocol or

an intentional decision not to initiate an investigation of the bankruptcy. The present record suggests that if Defendant had investigated the bankruptcy, it would have learned that Susan Burnett's personal liability on the HELOC loan had been discharged in bankruptcy. Thus, Defendant should have known that the only way to collect the debt from Susan Burnett would be to attempt to enforce the security interest created by the security deed—if the security interest was enforceable.

Plaintiffs did not point to evidence that Defendant pursued collection based solely on Susan's purported personal liability on the HELOC loan. Rather, as Plaintiffs point out, the letters Defendant sent to Susan Burnett threatened to foreclose on Susan's home if she did not pay the debt. Accordingly, Defendant's collection efforts included attempts to enforce the security interest created by the security deed. But, as Plaintiffs point out, the present record would permit the conclusion that by the time Defendant began its collection efforts based on the security deed, the security deed had expired with no renewal, so the debt had become unenforceable via foreclosure by virtue of O.C.G.A. § 44-14-80. Therefore, a key question for purposes of the summary judgment motion was whether Plaintiffs pointed to any evidence from which a reasonable juror could conclude that Defendant was consciously

indifferent to a substantial risk that it was attempting to collect an unenforceable debt.

Plaintiffs pointed to evidence that Defendant generally monitors the laws and regulations of the states to ensure compliance. Plaintiffs also pointed to evidence that Defendant received Susan's loan origination date and the loan's original maturity date when the loan was turned over for collection. This evidence is sufficient to show that Defendant had enough information from which it *could have* (and likely *should have*) determined that the HELOC loan could no longer be foreclosed upon under Georgia law. But Plaintiffs did not point to evidence of a specific policy Defendant had for determining enforceability of a debt; they did not point to evidence that Defendant consciously or recklessly ignored a debt verification policy that was intended to prevent substantial harm; they did not point to evidence that Defendant was on notice of problems that warranted a different debt verification policy; and they did not point to evidence that Susan Burnett disputed the debt or sought verification of it before Plaintiffs filed this action.[1] For all these reasons, the Court is not convinced that

---

[1] Plaintiffs emphasize that Defendant has policies for determining the impact of an obligor's bankruptcy proceeding on the debt Defendant is hired to collect and that Defendant relies on its client for information about whether a bankruptcy discharge has been granted. *See* Faulkner Dep. 33:5-36:1, ECF No. 23-14. But Plaintiffs did not clearly point to evidence regarding Defendant's protocols for other issues, like verification of the secured portion of a debt.

the evidence Plaintiffs rely on would permit a reasonable juror to conclude that Defendant intentionally proceeded with its collection activities despite knowing that the HELOC debt was unenforceable or acted with a conscious disregard for a risk that the HELOC debt might be unenforceable. Without such evidence, Plaintiffs cannot satisfy the "intentional or reckless" or "extreme and outrageous" elements of the intentional infliction of emotional distress claim, and they cannot establish the intent element of any predicate act for the Georgia RICO claims.

For all these reasons, the Court finds that Plaintiffs did not establish that the Court made a clear error of law or fact, and their motion for reconsideration (ECF No. 26) is denied. The motion for hearing (ECF No. 27) is also denied as unnecessary and now moot.

IT IS SO ORDERED, this 21st day of May, 2026.

S/Clay D. Land
_____
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA