IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| SUSAN BURNETT and DEREK BURNETT, | * | |
| Plaintiffs, | * | |
| vs. | * | CASE NO. 4:25-CV-162 (CDL) |
| DYCK O'NEAL INC., | * | |
| Defendant. | * | |

O R D E R

The Court previously denied Plaintiffs' partial summary judgment motion, which sought a declaration that Susan Burnett's security deed for her home equity line of credit loan was extinguished on August 25, 2021, that Georgia law barred foreclosure after that date, and that Susan had no personal liability on the debt following her Chapter 7 bankruptcy discharge. *Burnett v. Dyck O'Neal Inc.*, No. 4:25-CV-162 (CDL), 2026 WL 1256442, at *8 (M.D. Ga. May 7, 2026). The Court accepted Defendant's argument that it could not make the declaration Plaintiffs sought because the purported owner of the note and security deed is not a party to this action. *Id.* Thus, the Court declined to enter a declaration that would be "effective against a non-party purported owner of the note and security deed" but stated that a jury could "make findings of fact regarding the HELOC loan necessary to determine whether Dyck O'Neal violated the Fair

Debt Collection Practices Act" by misrepresenting the legal nature of Susan's debt or threatening foreclosure when such action could not legally be taken. *Id.*

As the Court prepared for the pretrial conference of this action, the Court reflected on which factual issues remain for the jury to decide at trial and which legal issues must be decided by the Court. It is clear that the Court must decide questions of law regarding Susan's HELOC debt which relate to Plaintiffs' claims against Defendant.[1] But because of the Court's broad ruling on the declaratory judgment claim, it is also clear that unresolved legal issues remain on matters for which there are no genuine fact disputes for the jury to decide. Accordingly, the Court reconsiders its summary judgment order to the extent set forth below.

While it would not have been appropriate for the Court to issue a ruling that would be effective against a non-party purported owner of the note and security deed, the Court now recognizes that Susan's summary judgment motion also raised a narrower issue: whether *Defendant* could lawfully represent in its collection communications that Susan's nonpayment would result in foreclosure. A ruling on this narrow issue would only impact

[1] At the pretrial conference, held on August 5, 2026, Defendant conceded that Susan had no personal liability on the HELOC loan following her Chapter 7 bankruptcy discharge. Defendant does not concede that Georgia law barred foreclosure on Susan's home after August 25, 2021, although Defendant declined to articulate why.

Susan's Fair Debt Collection Practices Act claim against Defendant and would not affect any rights of a purported non-party owner of the security deed. The Court should have recognized this nuance and addressed the issue in its summary judgment order. The Court now issues this order to fix that mistake. The Court hereby VACATES Section VI of its summary judgment order, which denied Susan's summary judgment motion on her declaratory judgment claim and granted Defendant's summary judgment motion on this issue. The Court issues the following ruling in place of Section VI.

**Replacement VI. Susan's Declaratory Judgment Claim**

Plaintiffs seek a declaration that Defendant had no legal right to threaten Susan with foreclosure of her home in 2024.[2] Susan presented evidence that her HELOC loan originated in 1999, that the HELOC agreement had an express agreement to establish a perpetual or indefinite security interest in Susan's property under O.C.G.A. § 44-14-80, and that the HELOC loan matured on August 25, 2014. *Burnett*, 2026 WL 1256442, at *2-*3. Neither party pointed to any evidence of an event that would toll reversion of the title. *Burnett*, 2026 WL 1256442, at *6 n.4.

[2] Plaintiffs also want a declaration that (1) the HELOC security deed became invalid on August 25, 2021, and title to Susan's home reverted to Susan by operation of law, and (2) Susan had no personal liability on the debt secured by the security deed she received a Chapter 7 discharge from the Bankruptcy Court. To the extent that Susan seeks such a declaration that would be effective against a non-party purported owner of the note and security deed, the Court denies the request because Plaintiff did not establish that the Court has authority to enter such relief that would be effective against a non-party.

Based on the undisputed evidence, Plaintiffs make the legal argument that title to the real property that secured Susan's HELOC loan reverted to Susan under O.C.G.A. § 44-14-80(a)(1), that foreclosure was barred by Georgia law, and that Defendant thus could not lawfully tell Susan that nonpayment of the loan would result in foreclosure. Under O.C.G.A. § 44-14-80, where (as here) the parties agree "to establish a perpetual or indefinite security interest in the real property conveyed to secure a debt or debts, the title" to the real property conveyed to secure the debt "shall revert at the expiration of the later of (A) seven years from the maturity of the debt or debts or the maturity of the last installment thereof as stated or fixed in the record of conveyance or, if not recorded, in the conveyance; or (B) 20 years from the date of the conveyance as stated in the record or, if not recorded, in the conveyance." O.C.G.A. § 44-14-80(a)(1). Georgia law bars foreclosure after the reversion date. *See* O.C.G.A. §§ 44-14-81 & 44-14-83; *Mike's Furniture Barn, Inc. v. Smith*, 803 S.E.2d 800, 803 (Ga. Ct. App. 2017) ("If title has reverted to the grantor under this statute, all actions to foreclose upon and to recover the property are barred.").

For purposes of Susan's Fair Debt Collection Practices Act claim *against Defendant*, there is no genuine fact dispute that (1) Susan's HELOC loan originated in 1999, (2) Susan's HELOC loan matured on August 25, 2014, and (3) nothing tolled reversion of

the title under Georgia law.[3] Under these undisputed facts, Defendant did not have a legal right to foreclose on Susan’s home or threaten foreclosure after August 25, 2021. The Court thus grants Plaintiffs’ summary motion to the extent that the Court finds that the present record establishes, as a matter of law, that Defendant did not have a legal right to threaten or pursue foreclosure on Susan’s home in 2024.

IT IS SO ORDERED, this 6th day of August, 2026.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

[3] Defendant did not point to any evidence to dispute these facts. Again, Defendant did not respond to Susan’s statement of material facts, it did not file a statement of material facts in support of its motion, and it did not provide specific citations to the materials in the record to create a genuine fact dispute on any issue. Counsel for Defendant’s suggestion at the pretrial conference that the Court should not reconsider its prior order on the grounds described in today’s order because Defendant had not had an opportunity to address those issues rings hollow. To put it more bluntly, any such suggestion is false.