IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| SUSAN BURNETT and DEREK BURNETT, | * | |
| Plaintiffs, | * | |
| vs. | * | CASE NO. 4:25-CV-162 (CDL) |
| DYCK O'NEAL, INC., | * | |
| Defendant. | * | |

O R D E R

At the pretrial conference in this matter, the Court deferred ruling on two issues pending additional briefing: (1) Defendant's motion to dismiss Derek Burnett's loss of consortium claim, and (2) whether Susan Burnett may waive her right to seek fees under the Fair Debt Collection Practices Act and instead pursue an award of litigation expenses, including attorneys' fees, as part of the damages under O.C.G.A. § 13-6-11. The Court addresses each issue in turn.

**I. Derek Burnett's Loss of Consortium Claim**

Defendant moved to dismiss Derek Burnett's loss of consortium claim for lack of standing. As the Court explained during the pretrial conference, the Court is not persuaded that Derek Burnett lacks Article III standing to bring this claim. The motion to dismiss on that ground is denied (ECF No. 31). Although Defendant did not explicitly move to dismiss the loss of consortium claim on

other grounds, Defendant expressed an intent to seek directed verdict on this claim at trial based on its contention that the federal Fair Debt Collection Practices Act ("FDCPA") does not authorize such a claim and a Georgia law loss of consortium claim cannot be based on a violation of a spouse's rights under the FDCPA. The Court permitted supplemental briefing on this issue, which is a pure issue of law.

Susan Burnett's only remaining substantive claim is under the FDCPA. Plaintiffs acknowledge that Derek may not pursue a loss of consortium claim under the FDCPA. Rather, Derek seeks to assert this claim under Georgia law. Plaintiffs contend that Georgia law supports a loss of consortium claim premised on a violation of the spouse's FDCPA rights. First, Plaintiffs point out that Georgia's negligence per se statute, O.C.G.A. § 51-1-6, may authorize recovery for the breach of a statutory duty even if the statute does not provide a private cause of action. *See Pulte Home v. Simerly*, 746 S.E.2d 173, 179 (Ga. Ct. App. 2013) (finding that evidence of the defendant's violations of state and federal environmental laws was relevant on the plaintiff's negligence per se claims). Plaintiffs appear to suggest that if Susan had brought a negligence per se claim premised on violations of the FDCPA, then Derek could maintain a loss of consortium claim. But here, Susan's claim is a direct claim under the FDCPA, not a negligence per se claim. Moreover, Georgia's negligence per se statute "does

not allow her to pursue duplicative remedies for an alleged violation of federal law." *Higdon v. Jackson*, 393 F.3d 1211, 1222 (11th Cir. 2004). The negligence per se statute thus does not save Derek's loss of consortium claim.

Second, Plaintiffs contend that the FDCPA gives rise to "tort liability" that would support a derivative loss of consortium claim. In Georgia, a spouse may recover for loss of consortium caused by a tortious injury to his spouse. *Priester v. Turner*, 896 S.E.2d 710, 711 (Ga. Ct. App. 2023); *accord* O.C.G.A. § 51-1-9 ("Every person may recover for torts committed to himself [or] his wife[.]"). "Loss of consortium is a derivative tort, and no liability can attach where the defendant owes no tort liability to the spouse." *Durley v. APAC, Inc.*, 236 F.3d 651, 658 (11th Cir. 2000). In *Durley*, the Eleventh Circuit concluded that although a wife presented enough evidence to create genuine fact disputes on her failure-to-promote claim under Title VII of the Civil Rights Act of 1964, her husband could not bring a loss of consortium claim premised on the Title VII claim because Title VII does not give rise to tort liability. *Id.* Plaintiffs argue that the Court should ignore *Durley* because its analysis is short and focuses on Title VII. Though its analysis is short, *Durley* is clear: Title VII does not give rise to "tort" liability in the context of providing the foundation for a spouse's claim for lost consortium under Georgia law. *Id.* Similarly, the Court finds that the FDCPA,

which like Title VII is a federal statute that creates a remedy where one does not exist under common law tort doctrines, does not give rise to tort liability that would support a derivative loss of consortium claim. Unable to persuasively distinguish *Durley*, Plaintiffs suggest that the Court boldly ignore it. This the Court cannot do. As a matter of law, violation of the FDCPA against one person does not give rise to a loss of consortium claim for that person's spouse. Accordingly, Derek Burnett's lost consortium claim is dismissed.

## II. Attorney's Fees and Costs

The only remaining substantive claim in this action is Susan Burnett's FDCPA claim. The FDCPA is a fee-shifting statute that allows a prevailing plaintiff to recover "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). At the pretrial conference, Susan's counsel expressed an intent to waive the right to seek costs and fees under the FDCPA and instead pursue fees under O.C.G.A. § 13-6-11, which permits a jury to award litigation expenses, including attorney's fees, as part of the damages if the plaintiff proves that "the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense."[1]

[1] Interestingly, Plaintiff seeks to impose upon herself a "higher" burden for the recovery of attorneys' fees than the burden imposed by the FDCPA. The FDCPA authorizes an award of litigation expenses, including attorneys' fees, to the

The Court instructed Defendant to file a brief if it asserts that the Fair Debt Collection Practices Act is Plaintiff's exclusive method of recovering fees and costs. That brief was due by August 19, 2026. Pretrial Order ¶ 26(b), ECF No. 43. Defendant filed no such brief. Accordingly, the Court assumes that Defendant has abandoned any argument that Susan may not recover litigation expenses pursuant to O.C.G.A. § 13-6-11 as a matter of law, if she introduces evidence supporting the elements of any such claim. If the Court's assumption is incorrect, Defendant shall file a brief by 5:00 p.m. on Friday, September 11, 2026, that cites the Court to authority supporting its argument.[2]

For some reason, Plaintiff failed in her prior brief to distinguish *First Union National Bank of Georgia v. Big John's Auto Sales, Inc.*, 417 S.E.2d 416 (1992), which construed claims under the federal Truth in Lending Act and the Georgia Motor Vehicle Sales Finance Act as claims for a breach of "statutory obligations" and found that such claims do not support an O.C.G.A.

---

Plaintiff if she simply prevails on her FDCPA claim, whereas O.C.G.A. §13-6-11 requires additional evidence of bad faith, stubborn litigiousness, and/or unnecessary trouble and expense. Any attempt by the Court to speculate as to the trial strategy of Plaintiffs' creative counsel would be irrelevant to the ultimate resolution of this legal issue. However, the Court will have a duty at trial to ensure that any trial strategy is not used to improperly inflame the jury's passions.

[2] The Court understands that Defendant contests the allegations that it acted in bad faith, was stubbornly litigious and/or caused Plaintiff unnecessary trouble and expense. The Court further understands that Defendant will contest any claim for attorneys' fees if the amount is not reasonable and based upon reliable evidence. The Court's question is whether Defendant takes the position that the Fair Debt Collection Practices Act provides the *exclusive* remedy for the recovery of litigation expenses, including attorneys' fees, in this case.

§ 13-6-11 claim for litigation expenses. Plaintiff shall file a supplemental brief by 5:00 p.m. on Friday, September 11, 2026, explaining why *Big John's* does not foreclose her O.C.G.A. § 13-6-11 claim for litigation expenses.

IT IS SO ORDERED, this 9th day of September, 2026.

s/Clay D. Land
CLAY D. LAND
U.S. DISTRICT JUDGE